Daniel Cotman (SBN 218315)
Cotman IP Law Group, APLC
1400 Newport Center Drive, Suite 100
Newport Beach, CA 92660
Phone: (626) 405-1413
Email: dan@cotmanlaw.com

Attorneys for Plaintiff
SCR 25 Inc.

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| SCR 25 Inc.<br>Plaintiff,<br>vs.<br>Amie Potsic Art Advisory, LLC, a Pennsylvania limited liability company,<br>Defendant. | Case No.:<br>**COMPLAINT FOR COPYRIGHT INFRINGEMENT (17 U.S.C. § 501)**<br>**DEMAND FOR JURY TRIAL** |

## INTRODUCTION

1. This is a civil action for copyright infringement under the Copyright Act, 17 U.S.C. § 101 *et seq.* Defendant Amie Potsic Art Advisory, LLC ("Defendant") has reproduced and publicly displayed on its commercial website, without authorization, an altered copy (the "Infringing Image") of a registered photograph of the musician Jerry Garcia created by the photographer Mark Seliger ("Mr. Seliger") and shown in **Exhibit C** (the "Copyrighted Work"). Defendant posted the Infringing Image on its website on June 3, 2020, and uses that display to direct

prospective purchasers to Defendant for “sales inquiries.” Defendant continues to display the Infringing Image without authorization and without compensating Plaintiff.

## PARTIES

2. Plaintiff SCR 25 Inc. (“Plaintiff”) is a New York domestic business corporation with its principal place of business at 162 Charles Street, New York, New York 10014. Plaintiff is the owner, by written assignment from Mr. Seliger, of the copyright in the Copyrighted Work and of all accrued claims for its infringement, as alleged below.

3. Defendant Amie Potsic Art Advisory, LLC is a Pennsylvania limited liability company with its principal place of business in Berwyn, Pennsylvania. Defendant owns and operates the website located at www.amiepotsicartadvisory.com (the “Website”).

4. Defendant owns and operates the webpage on the Website located at https://www.amiepotsicartadvisory.com/podcasts-1/2020/6/3/art-watch-radio-podcast-with-wavy-gravy and titled “Art Watch Radio Podcast with Artist, Storyteller, and Hippie Icon Wavy Gravy on June 3, 2020” (the “Infringing Webpage”). The Infringing Webpage is publicly accessible throughout the United States, including in this District, and Defendant continues to display the Infringing Image on it.

## JURISDICTION AND VENUE

5. This action arises under the Copyright Act, 17 U.S.C. § 101 *et seq.*, and seeks damages, statutory damages, injunctive relief, and attorneys' fees and costs under 17 U.S.C. §§ 501, 502, 504, and 505.

6. This Court has subject matter jurisdiction under 28 U.S.C. §§ 1331 and 1338(a).

### Personal Jurisdiction

7. This Court has specific personal jurisdiction over Defendant under Federal Rule of Civil Procedure 4(k)(1)(A) and California Code of Civil Procedure § 410.10. Defendant purposefully directed the conduct at issue toward California and this District, Plaintiff's claim arises out of and relates to Defendant's forum-related activities, and the exercise of jurisdiction over Defendant is reasonable.

8. The Website is an interactive commercial platform, not a passive informational site. Through it, Defendant markets art-advisory, appraisal, legacy-planning, consulting, and educational services to artists, collectors, institutions, and businesses, and the Website's contact page states that Defendant is "[s]erving clients worldwide." The Website includes an online store with checkout functionality through which Defendant sells, among other things, "Art Histories" subscriptions priced at $144.00 and $192.00 every twelve months and $720.00 for five years; "1:1 and Group Consulting" at a stated "Consulting Rate" of $299 per hour; and a $45.00 application fee for the Kite Prize for Contemporary Art.

The Website also invites visitors to submit their email addresses to "access advisory services, insights, and art market updates."

9. Defendant operates the Kite Prize for Contemporary Art (the "Kite Prize") through the Website. Defendant describes the Kite Prize as an "international visual art award" juried by Amie Potsic Art Advisory, LLC and open to artists in the "US & International." Applicants pay the application fee through the Website and must provide Defendant with their name, address, telephone number, and email address, together with the confirmation order number from their payment. Defendant therefore knows where the artists with whom it transacts through the Kite Prize are located. Under the Kite Prize terms published on the Website, the grand-prize winner and finalists receive cash awards, virtual exhibitions hosted on the Website, and advisory consultations with Defendant's CEO and Principal, Amie Potsic, and all winners receive "[p]romotional marketing through social media and email campaigns."

10. Defendant has used the Website and the Kite Prize to establish commercial and professional relationships with California artists, including artists in this District. Defendant selected Elizabeth Withstandley, whom Defendant identifies on the Website as an "Installation Artist" of "Los Angeles, California," as one of three finalists for its 2023 Kite Prize; selected Heather Pieters, whom Defendant identifies as a "Contemporary Painter" of "Los Angeles, CA," as a 2023 merit awardee; and selected Leslie Wilson, whose work Defendant identifies with

"Santa Monica, CA," as a 2024 merit awardee. Defendant also selected Julie Alland, whose work Defendant identifies with "San Francisco, CA," as a 2024 merit awardee. Upon information and belief, each of these artists applied for the Kite Prize through the Website and paid Defendant's application fee. Defendant exhibited and promoted these artists and their works in virtual exhibitions hosted on the Website.

11. The Infringing Webpage is itself directed to California subject matter and California commerce. It features Defendant's interview of the artist Wavy Gravy, recounts the organizations he founded, Camp Winnarainbow and the Seva Foundation, and describes his "new work" as "collage on rough-hewn rounds of wood from trees at Black Oak Ranch, the Hog Farm commune's County Seat in Northern California." Upon information and belief, Wavy Gravy resides and works in California.

12. The Infringing Webpage contains a section titled "ARTWORK" that displays works attributed to Wavy Gravy, each captioned with the statement "For all sales inquiries contact Amie Potsic Art Advisory." Defendant thus uses the Infringing Webpage to market works by a California artist for sale and to position itself as the point of contact for those sales. The first work displayed in that section is the Infringing Image.

13. Plaintiff's claim arises out of and relates to Defendant's California-directed conduct. Defendant committed the infringement on the same commercial Website

through which it solicits and conducts business with California artists—and specifically on a webpage that markets for sale the works of a California artist, including the very image that infringes the Copyrighted Work.

14. Upon information and belief, the Infringing Webpage has been publicly accessible, including to users in California and this District, since June 3, 2020, and users located in California and this District have accessed the Infringing Webpage and have been shown the Infringing Image. Records reflecting the geographic locations of visitors to the Infringing Webpage, and of persons who have made sales inquiries to Defendant through the Website, are within Defendant's possession, custody, and control.

15. Defendant's contacts with California and this District are not random, isolated, or fortuitous. Defendant has deliberately structured the Website and its programs to accept business and participation from persons throughout the United States, requires participants to identify their locations, and has selected, exhibited, and promoted artists whom Defendant itself identifies as located in Los Angeles, Santa Monica, and San Francisco, California.

16. Defendant's conduct causes harm in California. Los Angeles is a significant market for the licensing and sale of professional, fine-art, celebrity, music, and entertainment photography, and Mr. Seliger's photographic work has an established commercial and exhibition presence in Los Angeles, including the solo exhibition "Mark Seliger, Photographs" at the Fahey/Klein Gallery in Los

Angeles from November 2018 to January 2019. Defendant's unauthorized display of the Infringing Image, and its solicitation of sales inquiries for that image, compete with and impair the legitimate licensing and print market for the Copyrighted Work, including in this District.

17. Exercising jurisdiction over Defendant in this District is reasonable. Defendant operates an interactive commercial Website used in this District, purposefully solicits business and participation from persons throughout the United States, and has established actual commercial and professional relationships with artists in California through its programs. California has a substantial interest in providing a forum for claims arising from commercial conduct that purposefully reaches persons and markets in the State. Defendant, which holds itself out as "[s]erving clients worldwide," would not be unduly burdened by litigating here.

**Venue**

18. Venue is proper in this District under 28 U.S.C. § 1400(a) because Defendant may be found in this District. Defendant's contacts with this District—including its operation of an interactive commercial Website through which it sells services and products; its selection, exhibition, and promotion of artists it identifies as located in Los Angeles and Santa Monica; and its continued display of the Infringing Image on a webpage that solicits sales inquiries on Defendant's behalf—would subject it to personal jurisdiction in this District if this District were a separate State.

## FACTUAL ALLEGATIONS

### A. Mr. Seliger and the Copyrighted Work

19. Mr. Seliger is a renowned American photographer known for his portraiture. He has photographed more than 180 covers of *Rolling Stone*, his work has appeared in publications including *Vanity Fair* and *GQ*, and his photographs have been exhibited and collected by major institutions in the United States and abroad.

20. In 1992, Mr. Seliger created the Copyrighted Work, an original photograph of the musician Jerry Garcia holding a banjo outdoors, shown in Exhibit C. The Copyrighted Work reflects Mr. Seliger's creative choices, including the selection of subject, setting, and background; the subject's pose and expression; and the lighting, camera angle, framing, and timing of the exposure. The Copyrighted Work was first published in 1992. It is not a work made for hire.

21. The Copyrighted Work is registered with the United States Copyright Office as part of Registration No. VA 2-190-417, a group registration of published photographs titled "Mark Seliger Published Images 1992," with an effective date of registration of December 9, 2019. The Copyrighted Work is identified in the registration as "RS_25thAnniversary_JerryGarcia_pg126," published November 1992. The registration covers each photograph in the group, including the Copyrighted Work, as a separate work. The registration identifies Mark Alan Seliger as the author and copyright claimant and states that the photographs are

not works made for hire. A true and correct copy of the certificate of registration is attached as Exhibit A.

**B. Plaintiff's Ownership of the Copyright**

22. At all times from June 3, 2020 until the assignment described below, Mr. Seliger owned the copyright in the Copyrighted Work, including the exclusive rights to reproduce and publicly display it.

23. By a written instrument signed by Mr. Seliger and dated October 20, 2026, Mr. Seliger assigned and transferred absolutely to Plaintiff the copyright in the Copyrighted Work and all other rights he owned in the Copyrighted Work, including the exclusive rights under 17 U.S.C. § 106 and the right to commence litigation and recover damages, profits, costs, and attorneys' fees for past and present infringement of the Copyrighted Work.

24. Plaintiff is therefore the legal owner of the copyright in the Copyrighted Work. Under 17 U.S.C. § 501(b), Plaintiff is entitled to sue for infringements committed while it owns the copyright and, pursuant to the written assignment from Mr. Seliger, to pursue and recover for infringements committed before the assignment.

**C. Defendant's Infringement**

25. Defendant published the Infringing Webpage on June 3, 2020. Upon information and belief, on that date Defendant uploaded to the content storage for its Squarespace-hosted Website a digital image file named "DSCN0086.JPG"

containing the Infringing Image. Defendant has served the Infringing Image to visitors to the Infringing Webpage from that storage, through the domain images.squarespace-cdn.com, since that date.

26. The Infringing Image is a photographic reproduction of the portion of the Copyrighted Work that depicts Jerry Garcia. It does not merely depict the same subject; it reproduces Mr. Seliger's image itself, including the pose and expression he captured, the camera angle, the framing of the figure, the lighting, shadows, and highlights, and the moment of exposure. The Infringing Image combines that reproduction with a substituted background depicting the sun and an image of the Earth superimposed on the head of the banjo. A comparison of the Infringing Image (Exhibits B and D) with the Copyrighted Work (Exhibit C) shows that the figure of Jerry Garcia in the Infringing Image was copied from the Copyrighted Work.

27. Defendant displays the Infringing Image as the first work in the "ARTWORK" section of the Infringing Webpage, under the caption: "© Wavy Gravy, *Old and On the Way*, Inkjet print | For all sales inquiries contact Amie Potsic Art Advisory." The caption does not identify Mr. Seliger or Plaintiff and does not disclose that the image copies the Copyrighted Work.

28. A true and correct copy of a screen capture of the Infringing Webpage taken on January 9, 2026, showing the Infringing Image displayed at the Infringing Webpage's address, is attached as Exhibit B. A true and correct copy of a screen

capture of the Infringing Webpage taken on October 15, 2026, showing the Infringing Image and the caption quoted above, is attached as Exhibit D. Upon information and belief, the Infringing Image remains displayed on the Infringing Webpage as of the filing of this Complaint.

29. Defendant's use of the Copyrighted Work is commercial. Defendant uses the Infringing Webpage to promote its art-advisory business and its podcast, and it uses the Infringing Image to solicit sales inquiries and to direct prospective purchasers to Defendant. Defendant's display does not comment on, criticize, or otherwise target the Copyrighted Work. Defendant uses Mr. Seliger's photograph for its depiction of Jerry Garcia in order to promote Defendant's business and to market prints for sale—a market in which photographs such as the Copyrighted Work are licensed and sold.

30. Neither Plaintiff nor Mr. Seliger has ever licensed or otherwise authorized Defendant to reproduce, publicly display, or otherwise use the Copyrighted Work or any version of it.

**D. <u>Timeliness</u>**

31. Neither Plaintiff nor Mr. Seliger discovered, or had reason to discover, Defendant's infringement until on or about January 9, 2026, when Mr. Seliger's representatives identified the Infringing Image on the Infringing Webpage. Plaintiff filed this action within three years of that date.

32. Plaintiff and Mr. Seliger had no reason to suspect the infringement earlier. The Infringing Image appears on a podcast page of Defendant's art-advisory Website, stored under the generic file name "DSCN0086.JPG" and captioned solely as a work by Wavy Gravy, with no name or text associating it with Mr. Seliger or the Copyrighted Work. The Infringing Image therefore could not be located by searching for Mr. Seliger's name or for the title of the Copyrighted Work.

33. In addition, and in the alternative, upon information and belief, Defendant has displayed the Infringing Image on the Infringing Webpage continuously since June 3, 2020, including on January 9, 2026, and Defendant's public display of the Infringing Image within the three years preceding the filing of this Complaint is itself actionable.

**E. <u>Defendant's Willfulness</u>**

34. Defendant's infringement was willful or, at a minimum, the product of reckless disregard for or willful blindness to the rights of the copyright owner. Defendant is a professional art-advisory and appraisal business. It sells consulting services that it markets to artists, creatives, and organizations "aiming to . . . protect their intellectual property."

35. Defendant is familiar with copyright ownership and licensing. Defendant's form consulting contract, the text of which is contained in pages of the Website, provides that "[a]ll intellectual property that is developed or produced pursuant to the Services or otherwise under this Contract shall be the property of

Consultant," that Defendant "shall retain to the exclusion of any other person or entity title, all copyright and intellectual property rights" in that property, and that "[t]he Client retains all copyright to artwork." The Website asserts Defendant's own copyright ("Copyright © 2019 Amie Potsic Art Advisory, All rights Reserved"), and Defendant labels each artwork displayed on the Infringing Webpage with a copyright notice.

36. Defendant also knew that the works it was promoting were built from photographs. The Infringing Webpage itself describes Wavy Gravy as "a prolific visual artist doing collage and mixed media works inspired by music, memory, spiritual discovery, and photographs." The Infringing Image is plainly derived from a professional portrait photograph of a world-famous musician. Upon information and belief, Defendant nonetheless uploaded and displayed the Infringing Image, captioned it with a copyright notice in Wavy Gravy's name alone, and invited sales inquiries, without identifying the photographer, inquiring into the ownership of the photograph, or obtaining a license.

## CLAIM FOR RELIEF

## COUNT I

## (Copyright Infringement – 17 U.S.C. §§ 106, 501)

37. Plaintiff realleges and incorporates by reference each of the preceding paragraphs as though fully set forth herein.

38. The Copyrighted Work is an original work of authorship fixed in a tangible medium of expression and is copyrightable subject matter under 17 U.S.C. § 102(a)(5).

39. Plaintiff owns a valid copyright in the Copyrighted Work, and the Copyrighted Work is registered with the Copyright Office as required by 17 U.S.C. § 411(a).

40. Defendant infringed the exclusive rights under 17 U.S.C. § 106(1) and (5) in the Copyrighted Work—held by Mr. Seliger before the assignment and by Plaintiff after it—in violation of 17 U.S.C. § 501(a), by, without authorization, (a) reproducing the Copyrighted Work by uploading the Infringing Image to, and storing it in, the content storage for its Website, and (b) publicly displaying the Copyrighted Work by transmitting the Infringing Image from that storage to members of the public who visit the Infringing Webpage.

41. Defendant's infringing acts were volitional. Defendant selected the Infringing Image, uploaded it to its Website, placed it on the Infringing Webpage, published the caption that accompanies it, and controls whether it remains displayed.

42. Defendant's infringement commenced on or about June 3, 2020, after the December 9, 2019 effective date of registration of the Copyrighted Work, and it is continuing.

43. Defendant's infringement was willful.

44. As a direct and proximate result of Defendant's infringement, Plaintiff and its predecessor in interest, Mr. Seliger, have suffered damages, including lost

licensing revenue and harm to the market for and value of the Copyrighted Work. Upon information and belief, Defendant has derived or stands to derive revenue and other financial benefits attributable to the infringement, including through the promotion of its business and the solicitation of art sales through the Infringing Webpage.

45. Under 17 U.S.C. § 504(b), Plaintiff is entitled to recover the actual damages suffered by Plaintiff and its predecessor in interest and any profits of Defendant attributable to the infringement that are not taken into account in computing actual damages.

46. Alternatively, at Plaintiff's election at any time before final judgment is rendered, Plaintiff is entitled under 17 U.S.C. § 504(c)(1) to statutory damages for Defendant's infringement of the Copyrighted Work in a sum of not less than $750 or more than $30,000 and, because the infringement was willful, to enhanced statutory damages of up to $150,000 under 17 U.S.C. § 504(c)(2). Statutory damages and attorneys' fees are available because Defendant's infringement commenced after the effective date of the Copyrighted Work's registration. *See* 17 U.S.C. § 412.

47. Plaintiff is entitled to recover its full costs and reasonable attorneys' fees under 17 U.S.C. § 505.

48. Defendant's continuing infringement deprives Plaintiff of control over the reproduction and public display of the Copyrighted Work, including control over

whether and how the Copyrighted Work is altered and presented in connection with the sale of art, and it impairs the market for licensed uses of the Copyrighted Work. Unless enjoined, Defendant will continue to display the Infringing Image, causing Plaintiff irreparable injury that cannot be fully compensated by money damages. Plaintiff has no adequate remedy at law and is entitled to a permanent injunction under 17 U.S.C. § 502.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for judgment against Defendant as follows:

A. A judgment that Defendant has infringed the copyright in the Copyrighted Work, including rights now owned by Plaintiff and claims assigned to Plaintiff for prior infringement, in violation of 17 U.S.C. § 501, and that the infringement was willful;

B. An award of Plaintiff's actual damages and Defendant's profits attributable to the infringement under 17 U.S.C. § 504(b) or, at Plaintiff's election, statutory damages under 17 U.S.C. § 504(c), including enhanced statutory damages of up to $150,000 for willful infringement;

C. A permanent injunction under 17 U.S.C. § 502 enjoining Defendant, its officers, agents, servants, and employees, and all other persons in active concert or participation with any of them who receive actual notice of the injunction, from reproducing, publicly displaying, or otherwise infringing the copyright in the Copyrighted Work, including by reproducing or

displaying the Infringing Image or any other copy or derivative of the Copyrighted Work;

D. An order requiring Defendant to account for all revenues, profits, and other benefits attributable to its infringement, including any sales, commissions, or other compensation relating to the Infringing Image;

E. An award of Plaintiff's full costs and reasonable attorneys' fees under 17 U.S.C. § 505;

F. Pre-judgment and post-judgment interest as allowed by law; and

G. Such other and further relief as the Court deems just and proper.

## DEMAND FOR JURY TRIAL

Pursuant to Federal Rule of Civil Procedure 38(b) and Local Rule 38-1, Plaintiff demands a trial by jury on all issues so triable.

DATED: October 26, 2026

By: /s/ Daniel Cotman

Daniel Cotman (SBN 218315)
Cotman IP Law Group, APLC
1400 Newport Center Drive, Suite 100
Newport Beach, CA 92660
Phone: (626) 405-1413
Email: dan@cotmanlaw.com

Attorneys for Plaintiff
SCR 25 Inc.